Douglas A. Wright (SBN 239112)
**LEGACY LEGAL GROUP PC**
2124 Eureka Way
Redding, California 96001
TEL: (530) 243-6000; FAX: (530) 402-4752
Email: doug@thelegacygroup.law

Attorney for Defendant,
Sharon Panich

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIDLAND NATIONAL LIFE INSURANCE COMPANY,<br><br>Plaintiff<br><br>v.<br><br>LINDA BROWN; SHARON PANIC; DARLENE TERREY,<br><br>Defendants. | Case No. 2:26-cv-02351-DC-DMD<br><br>**ANSWER OF CROSSDEFENDANT SHARON PANICH TO CROSSCLAIM OF LINDA BROWN AND DARLENE TERREY** |

Crossdefendant SHARON PANICH ("Panich"), by and through her undersigned counsel, answers the Crossclaim of Defendants and Crossclaimants Linda Brown ("Brown") and Darlene Terrey ("Terrey") (collectively, "Crossclaimants"), filed October 8, 2026 (ECF No. 12), pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, as follows:

**ANSWER TO CROSSCLAIM**

1. Panich admits that the Crossclaim concerns the annuity contract and proceeds that are the subject of Plaintiff Midland National Life Insurance Company's Complaint for Interpleader. Panich further admits that Crossclaimants seek a judicial declaration concerning the respective rights of the parties to those proceeds. Panich denies that Crossclaimants are the only persons entitled to the proceeds and specifically denies that Panich has no right, title, or interest therein.

## JURISDICTION AND VENUE

2. Paragraph 2 contains legal conclusions concerning supplemental jurisdiction under 28 U.S.C. § 1367 to which no factual response is required. To the extent a response is required, Panich does not dispute that the Court has subject-matter jurisdiction over the controversy asserted in the Crossclaim.

3. Paragraph 3 contains legal conclusions concerning Federal Rule of Civil Procedure 13(g). Panich admits that the Crossclaim concerns the same annuity contract and proceeds at issue in the underlying interpleader action. Panich otherwise denies any allegation inconsistent with her entitlement to the disputed proceeds.

4. Panich does not dispute that venue is proper in the Eastern District of California.

## THE PARTIES

5. Panich lacks knowledge or information sufficient to form a belief concerning Brown's citizenship and therefore denies the allegation on that basis. Panich admits that Brown is a named defendant in this action.

6. Panich lacks knowledge or information sufficient to form a belief concerning Terrey's citizenship and therefore denies the allegation on that basis. Panich admits that Terrey is a named defendant in this action.

7. Admitted.

## FACTUAL ALLEGATIONS

8. Panich admits that Marie Palmer owned the Midland National Life Insurance Company annuity contract that is the subject of this action. Panich lacks knowledge sufficient to verify the complete contract number independently and refers to the annuity contract for its precise terms and identifying information.

9. Panich admits, based upon the beneficiary-designation records identified in the pleadings, that on or about February 16, 2009, Marie Palmer designated Duane Palmer, Linda Brown, Sharon Panich, and Darlene Terrey as primary beneficiaries, each with a 25 percent interest. Panich admits that the records reflect Midland's confirmation of that designation.

10. Panich admits that on or about September 23, 2011, Marie Palmer submitted a

beneficiary-change request naming Duane Palmer, Linda Brown, and Darlene Terrey as primary beneficiaries in approximately equal shares. Panich further admits that Midland issued correspondence dated on or about October 6, 2011, concerning that designation. Panich denies that the October 2011 designation necessarily remained legally controlling at Marie Palmer's death and denies that the 2011 designation defeats the effectiveness of Marie Palmer's subsequent February 2022 beneficiary-change request.

11. Panich admits that on or about February 1, 2022, Marie Palmer submitted a written beneficiary-change request identifying Linda Brown, Sharon Panich, and Darlene Terrey as intended primary beneficiaries, each to receive a one-third interest. Panich affirmatively alleges that this written submission manifested Marie Palmer's intent to change the beneficiary designation and constituted affirmative action toward accomplishing that change.

12. Panich admits that Midland issued correspondence dated on or about February 11, 2022, stating that it considered the February 2022 submission not in good order because the beneficiary allocations allegedly did not total 100 percent and because the first page and signature page of the form were allegedly missing. Panich denies that Midland's administrative determination conclusively establishes that the attempted beneficiary change was legally ineffective. Panich further denies that the asserted deficiencies necessarily preclude application of California's substantial-compliance doctrine.

13. Panich lacks knowledge or information sufficient to form a belief concerning whether Midland received any additional, corrected, or supplemental beneficiary-change documents or communications from Marie Palmer after February 2022 and therefore denies the allegation that no such submission occurred. Panich denies that the February 2022 request necessarily failed to take effect, denies that the October 2011 designation necessarily remained controlling, and specifically denies that Marie Palmer failed to make Panich a beneficiary under applicable law.

14. Panich admits that Duane Palmer predeceased Marie Palmer.

15. Panich admits that Marie Palmer died on or about December 19, 2025.

16. Panich admits that the October 2011 beneficiary designation identified Linda

Brown, Darlene Terrey, and Duane Palmer. Panich further admits that Duane Palmer predeceased Marie Palmer. Panich denies that the October 2011 designation was necessarily the last legally effective beneficiary designation and denies that Brown and Terrey were the only persons entitled to the annuity proceeds at Marie Palmer's death.

17. Panich admits that Midland's records and correspondence reflect its administrative position concerning the October 2011 designation. Panich lacks knowledge or information sufficient to admit or deny the precise contents of all communications between Midland and Crossclaimants, the dates and completeness of their claim submissions, or the supporting documentation received by Midland, and therefore denies those allegations on that basis. Panich denies that Midland's administrative recognition of Crossclaimants conclusively determines the parties' legal entitlement to the proceeds.

18. Panich admits that she was not named in the October 2011 beneficiary designation. Panich denies that she lacks a valid claim to the proceeds and affirmatively alleges that Marie Palmer's February 2022 written beneficiary-change request provides a basis for recognizing Panich as a beneficiary under applicable California law.

**COUNT I — DECLARATORY JUDGMENT**

19. Paragraph 19 incorporates prior allegations. Panich incorporates her responses to paragraphs 1 through 18 as though fully set forth herein and denies all incorporated allegations inconsistent with those responses.

20. Panich admits that an actual controversy exists among the parties concerning their respective rights to the annuity proceeds and that the Court may determine those rights in this interpleader proceeding.

21. Panich denies that Crossclaimants are the only persons entitled to the annuity proceeds. Panich further denies that the October 2011 designation necessarily controls the distribution of those proceeds and affirmatively alleges that Marie Palmer's February 2022 written request supports Panich's entitlement to a one-third beneficiary interest.

22. Panich admits that Midland did not administratively process the February 2022 beneficiary-change request as completed and that Midland identified deficiencies in the

submission. Panich denies that Midland's administrative rejection conclusively establishes that the request was legally ineffective. Panich further denies that Marie Palmer's February 2022 submission failed to confer any beneficiary interest upon Panich and denies that Panich has no right, title, or interest in the proceeds.

23. Panich admits that she disputes Crossclaimants' asserted exclusive entitlement to the annuity proceeds and that an actual controversy exists concerning the parties' respective rights. Panich further admits that judicial determination of that controversy is appropriate. Panich denies that Crossclaimants are entitled to a declaration excluding her from the proceeds.

**AFFIRMATIVE DEFENSES AND MATTERS IN AVOIDANCE**

Without assuming any burden of proof that would otherwise rest upon Crossclaimants, Panich alleges the following defenses and matters in avoidance to the extent applicable:

**FIRST DEFENSE**

**Substantial Compliance**

24. Marie Palmer's February 2022 written beneficiary-change request identified the intended beneficiaries and their respective shares and was communicated to Midland during her lifetime. Panich contends that Marie Palmer's actions constituted substantial compliance with the applicable requirements for changing beneficiaries under California law. The effectiveness of the attempted change must be determined from the annuity contract, the full administrative record, and the circumstances surrounding the submission.

**SECOND DEFENSE**

**Equitable Recognition of Beneficiary Change**

25. California law recognizes circumstances in which a beneficiary change may be effective notwithstanding the absence of literal compliance with every administrative formality. Panich contends that equitable recognition of Marie Palmer's attempted change is warranted if the evidence establishes that Marie Palmer made every reasonable effort under the circumstances to accomplish the change and complied as far as she was able with the applicable requirements.

**THIRD DEFENSE**

**Disputed Effect of Administrative Rejection**

26. Midland's characterization of the February 2022 submission as not in good order does not, standing alone, conclusively determine whether the beneficiary change was legally effective. Panich disputes Crossclaimants' contention that Midland's administrative decision necessarily extinguished the attempted change.

**FOURTH DEFENSE**

**Failure to Establish Exclusive Entitlement**

27. Crossclaimants are not entitled to the requested declaration excluding Panich unless they establish that the October 2011 designation remained legally effective and that the February 2022 attempted beneficiary change did not confer an enforceable interest upon Panich.

**FIFTH DEFENSE**

**Reservation of Right to Amend**

28. Panich reserves the right to seek leave to amend this Answer and assert additional defenses or matters in avoidance if warranted by discovery, the production of the complete annuity records, or other subsequently obtained evidence, as permitted by the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

WHEREFORE, Crossdefendant Sharon Panich respectfully requests that the Court:

A. Deny Crossclaimants' request for a declaration that Linda Brown and Darlene Terrey are the only persons entitled to the annuity proceeds;

B. Deny Crossclaimants' request for a declaration that Sharon Panich has no right, title, or interest in the annuity proceeds;

C. Deny Crossclaimants' request for distribution of the entire annuity proceeds to Linda Brown and Darlene Terrey;

D. Determine the respective rights of the parties to the interpleaded proceeds under the annuity contract and applicable California law, including the doctrine of substantial

compliance;

E. Determine that Marie Palmer's February 2022 beneficiary-change request was effective and that Sharon Panich is entitled to a one-third share of the annuity proceeds, together with the corresponding share of accrued interest;

F. Deny Crossclaimants' request for costs against Panich except to the extent independently authorized by applicable law;

G. Preserve Panich's objections to any award of stakeholder attorneys' fees or costs that would improperly diminish the interpleaded fund; and

H. Grant such other and further relief as the Court deems just and proper.

Dated: 10/15/2026

**LEGACY LEGAL GROUP PC**

DOUGLAS A. WRIGHT, Attorney for Sharon Panich

## PROOF OF SERVICE

CASE NAME : Midland National Life Insurance Company v. Linda Brown, et al.
CASE NO. : 2:26-cv-02351-DC-DMD

I, the undersigned, declare that I am over the age of eighteen years and not a party to the cause. I am employed by the law firm LEGACY LEGAL GROUP PC, 2124 Eureka Way, Redding, California 96001.

On this date, October 15, 2026, I served the document described as: **ANSWER OF CROSSDEFENDANT SHARON PANICH TO CROSSCLAIM OF LINDA BROWN AND DARLENE TERREY** as follows:

Darlene Terrey
45325 Medicine Bow Court
Fremont CA 94539

Linda Brown
5729 Riverland Drive
Anderson CA 96007

Kaylee Racs
Faegre Drinker Biddle and Reath
1800 Century Park East, Suite 1500
Los Angeles CA 90067

Service of the above document was effectuated by the following means of service:

(XX) **By First Class Mail** -- I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. It is deposited with the United States Postal Service in the ordinary course of business on the same day it is processed for mailing. I caused such envelope(s) to be deposited in the mail at Redding, California. The envelope(s) was/were mailed with postage thereon fully prepaid.

(___) **By Personal Service** -- By personally delivering a true copy thereof in a sealed envelope(s).

(___) **By Email**: By transmitting via my electronic service address (doug@thelegacygroup.law) the documents listed above to the persons at the email addresses

(__) **By Facsimile** – I caused the document to be sent via facsimile to the number listed on Counsel's pleading filed with the Court and identified above.

Executed Oct. 15, 2026, at Redding, California.

Douglas A. Wright